# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-306-6666 • Cell
888-587-4737 • Fax

33 West 19th Street - 4th Floor
New York, New York 10011
bc@sternheimlaw.com

March 30, 2020

Honorable Raymond J. Dearie
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Clarissa Vasquez*
17-CR-390 (RJD)

Dear Judge Dearie:

We write to request that the Court grant Clarissa Vasquez temporary release on bond pursuant to 18 U.S.C. § 3145(c) due to the presence of the COVID-19 in the MDC, where she is being held, her heightened vulnerability to the disease due to her health, and pressing family needs. We are available to appear telephonically should the Court wish to conference the matter.

The Court denied Ms. Vasquez's May 14, 2019 application for bond on May 14, 2019 (*See* Dkt. #325, attached for the Court's convenience). The Government again opposes this renewed application. The previously proposed suretors and other proposed conditions are still available. Ms. Vasquez presents no danger to the community nor risk of flight, especially during this pandemic.

**Current Status**

Jails and prisons are inherently petri dishes for contagion and are especially unsafe during this time. They are over-crowded, making it impossible for inmates and staff to exercise the social distancing necessary to prevent the spread of COVID-19. Inmates live in close quarters, sharing dining tables, toilets, showers and sinks. Inmates at MDC have tested positive and it is only a matter of time before more inmates and staff will become ill as well. A federal inmate in the midwest has died due to COVID-19. See https://abc7chicago.com/health/1st-federal-inmate-dies-from-coronavirus;-health-experts-consider-jails-prisons-potential-epicenters/6060003/.

Section 3145(c) of Title 18 permits the post-plea release of a defendant who must ordinarily be remanded where there are exceptional reasons and the court finds that the defendant is not a flight risk or a danger to the community. We submit that there are exceptional reasons why Clarissa Vasquez should be released pursuant to this statute.

Ms. Vasquez is housed in a unit where the beds are at best a couple of feet from each other on all sides. The unit is not adequately cleaned and there are not enough cleaning supplies on hand. The Bureau of Prisons does not permit disinfectants that contain alcohol, an ingredient that is highly recommended to curtail the spread of the virus. Ms. Vasquez and the other inmates in her unit were told someone was coming to perform a "deep clean" of their unit, but this has not happened yet. Currently, the inmates in Ms. Vasquez's unit have been asked to clean the unit themselves, which consists of the inmates being given three bottles of Tribase, a non-alcohol based cleaner, and rags that are continually reused. The Tribase cleaner is sprayed all over the unit, dispelling chemical fumes with no fresh air to counteract the fumes. Ms. Vasquez's medical conditions, which are detailed below, are becoming even worse. When the inmates recently complained about the lack of cleaning supplies, guards conducted a shakedown of the unit, removing all mattresses and replacing them with small mattresses that appear designed for a child or toddler.

Ms. Vasquez suffers from severe allergies that affect her breathing, requiring an injection every three months. Diagnosed with hypothyroidism about a year before her incarceration, the condition has worsened during her incarceration, requiring her daily prescribed medication, 60mg of Thyroxine, to be increased to 100mg. Her pre-exisitng medical conditions combined with the conditions of her unit increase her susceptibility to the corona virus.

There is no reason to believe that Ms. Vasquez poses a danger to the community if released. There are no allegations of violence against her, and she has no history of violence. In

addition, the family of Ms. Vasquez would benefit monumentally from having her at home to help out during this difficult time. Ms. Vasquez would reside with her immediate family members at 1289 Neill Avenue in the Bronx, NY 10461. Her children currently live there with her mother, sister and two grandparents. As discussed in our sentencing memorandum filed on March 9, 2020, the grandparents are both in their 80s and have significant health problems, including Alzheimer's disease and high blood pressure; her grandfather also has prostate cancer. At the time of our sentencing memorandum, there was a full-time home health attendant assisting with their care, but that individual can no longer perform this service as she suffers from asthma and bronchitis making her "at risk." Ms. Vasquez's father is also considered "at risk" due to high blood pressure and respiratory issues, so he cannot go to the house and help either. Now Ms. Vasquez's mother and sister, who must leave the home a few days a week as an essential employee of the Legal Aid Society, are responsible for the care of Ms. Vasquez's two sons, age 13 and 3.

**Conclusion**

In light of the unique and extraordinary circumstances posed by the COVID-19 pandemic, Clarissa Vasquez is at heightened risk of infection while imprisoned in the MDC. She is neither a risk of flight nor danger to the community. The likelihood of virulent contagion in the MDC coupled with her personal health and family circumstances warrant release on bond during this catastrophic time.

Your consideration if greatly appreciated.

Very truly yours,

*Bobbi C. Sternheim*
BOBBI C. STERNHEIM
ALEX S. HUOT

Enc.
cc: AUSA Lindsay Gerdes
    AUSA Andrey Spektor

3